Paul Grigsby
NASH, ZIMMER, WEAVER & GRIGSBY
1700 West Koch Street, Suite 4
Bozeman, MT 59715
Phone: (406)586-0246
Fax:    (406)586-0021

Attorney for Plaintiff

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2008 JUL 31 PM 4 28

FILED  JLG
BY _____
       DEPUTY

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

* * * * * * * *

| | |
|---|---|
| LAWRENCE B. GREENBAUM, | Cause No.: DV-08-609A |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PRINTINGFORLESS.COM, INC., a Delaware Corporation registered in Montana, | (1) Summons issued |
| Defendant. | |

COMES NOW the Plaintiff, Lawrence Greenbaum, and for his complaint against the Defendant, PrintingForLess.com, Inc., alleges as follows:

1. Plaintiff is a resident of Gallatin County, Montana.

2. At all times relevant to the matters alleged in this Complaint, Defendant, PrintingForLess.com, Inc., was a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Park County, Montana.

3. At all times relevant to the matters alleged in this Complaint, Defendant was engaged in interstate commerce.

4. The Fair Labor Standards Act (hereafter "FLSA") applies to and governs the determination of the issues in this case which relate to claims for unpaid overtime wages.

5. Chapter 3 of Title 39 of the Montana Code Annotated applies to and governs the determination of any issues relating to wages other than those issues governed by the FLSA.

6. Plaintiff was employed by Defendant from on or about July 31, 2006 through June 29, 2008.

7. Plaintiff was employed by Defendant in the position of Technical Service Representative (hereafter "TSR").

8. Pursuant to the FLSA, the Defendant was required to pay Plaintiff for his employment in excess of forty hours per week at a rate not less than one and one-half times the Plaintiff's regular rate of pay.

9. Plaintiff worked in excess of forty hours per week during each week Plaintiff was employed by Defendant.

10. Defendant paid Plaintiff as a salaried, exempt employee until April 21, 2008.

11. Defendant did not compensate Plaintiff for those hours Plaintiff worked in excess of forty hours per week from July 31, 2006 through April 21, 2008.

12. Defendant pays bonuses to its employees four times each year for the periods of January 1 – March 30; April 1 – June 30; July 1 – September 30; and October 1 – December 31 of each year.

13. The amount of said bonuses is based on certain performance metrics of Defendant, PFL, as a whole.

14. When Defendant issues bonuses, it issues bonuses to all TSR employees as well as to all other of Defendant's employees.

15. Defendant awarded a bonus to its TSRs and other employees for the period of April 1, 2008 through June 30, 2008.

16. Plaintiff was employed by Defendant as a TSR for 90 days out of the 91 days in period of April 1, 2008 through June 30, 2008.

17. On June 16, 2008 Plaintiff gave Defendant two-weeks of notice of his intent to leave Defendant's employment as required by Defendant. Pursuant to said two-week notice, Plaintiff's last day of employment should have been June 30, 2008. Defendant unilaterally made

the determination that Plaintiff's last day of employment was to be June 29, 2008 instead of June 30, 2008.

18. The amount of the bonus that Plaintiff is entitled to receive from Defendant for the period of April 1, 2008 through June 30, 2008 is $1,000.00.

19. Defendant refused to pay Plaintiff his bonus for the period of April 1, 2008 through June 30, 2008.

## COUNT 1—VIOLATIONS OF THE FLSA

20. Plaintiff incorporates the allegations set forth in paragraphs 1 through 19 above, as if fully set forth herein.

21. Defendant violated the FLSA by not compensating Plaintiff, at a rate of one and one-half times Plaintiff's regular rate of pay, for those hours Plaintiff worked in excess of forty hours per week while employed by the Defendant.

22. Defendant's violation of the FLSA was willful and not in good faith.

23. Pursuant to the FLSA (§ 26 U.S.C.A 216(b)) Defendant is liable to Plaintiff for the amount of Plaintiff's unpaid wages and an additional equal amount as liquidated damages.

24. Pursuant to the FLSA (§ 26 U.S.C.A 216(b)) Defendant is required to pay Plaintiff's attorney's fees and costs related to this action.

## COUNT 2—FAILURE TO PAY WAGES WHEN DUE

25. Plaintiff incorporates the allegations set forth in paragraphs 1 through 19 above, as if fully set forth herein.

26. Pursuant to Montana law (§ 39-3-201(6)(a)), bonuses are considered "Wages."

27. Defendant violated Montana law relating to the payment of wages when due by failing to pay Plaintiff his bonus for the period of April 1, 2008 through June 30, 2008.

28. In addition to the bonus that Defendant failed to pay Plaintiff, the Defendant is required to pay the Plaintiff a penalty in the amount of 110% of the bonus which is due and unpaid.

29.     Pursuant to § 39-3-214 of the Montana Code Annotated, Defendant is required to pay to Plaintiff his attorney's fees and costs related to bring suit against Defendant for the recovery of Plaintiff's unpaid wages.

WHEREFORE, Plaintiff, Lawrence B. Greenbaum, prays as follows:

1.      For an award of overtime pay for all of the hours Plaintiff worked for Defendant in excess of forty hours per week during the time Plaintiff was employed by Defendant, together with interest thereon;

2.      For an award of penalties or other damages, including, but not limited to, liquidated damages, provided for in the FLSA;

3.      For an award of the bonus due to Plaintiff as wages;

4.      For an award of a penalty in the amount of 110% of the unpaid bonus/wage.

5.      For reasonable attorney's fees, costs and disbursements incurred herein;

6.      For an award of interest, including pre-judgment interest; and

7.      For such other and further relief as the Court may deem just.

RESPECTFULLY submitted this 31st day of July, 2008.

_____
Paul Grigsby
NASH, ZIMMER, WEAVER & GRIGSBY
1700 West Koch Street, Suite 4
Bozeman, MT 59715

Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Plaintiff respectfully requests that all issues be tried to a jury as provided by law.

RESPECTFULLY submitted this 31st day of July, 2008.

_____
Paul Grigsby
NASH, ZIMMER, WEAVER & GRIGSBY